IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIAM WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 317-004 |
| | ) | |
| PHILLIP HALL, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

*Pro se* Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. 1983. Plaintiff has paid the $400.00 filing fee, and his amended complaint is now before this Court for an initial screening pursuant to 28 U.S.C. § 1915A.

I.  **SCREENING OF THE AMENDED COMPLAINT**

   A.  **BACKGROUND**

Plaintiff names the following defendants: (1) Phillip Hall, Warden at TSP, (2) the Georgia Department of Corrections ("GDOC"), and (3) Telfair County. (See doc. no. 19, pp. 3-4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On June 2, 2016, Plaintiff was moved to TSP from Augusta State Medical Prison ("ASMP"). (Id. at 5.) On August 15, 2016, Plaintiff was placed in segregation despite having no disciplinary actions. (Id.) Plaintiff filed grievances challenging his placement in

1

segregation, his grievances were denied, and after appealing the grievances to Warden Hall, Warden Hall denied his grievance appeals. While in segregation correctional officers denied Plaintiff hygienic supplies which caused him to develop rashes. (Id. at 6.)

On December 25, 2016, Plaintiff received near-lethal stab wounds and other injuries and was taken to TSP's medical wing. (Id. at 7.) Warden Hall entered the medical wing and stated, "I don't give a shit. Let them die." (Id.) CERT officers then transported Plaintiff to a hospital where he was given medical care and chest staples. (Id.) Plaintiff later returned to TSP, and medical staff failed to provide him with pain medications. (Id. at 7-8.) TSP's medical staff also failed to provide Plaintiff with medication to treat his rash, resulting in Plaintiff's transfer to ASMP for treatment. (Id. at 8.)

Plaintiff alleges Defendants GDOC and Telfair County are liable for improperly training their employees, and are indifferent to the violence and substandard living conditions at TSP. As relief, Plaintiff seeks $3.5 million in damages and immediate transfer to a work-release program. (Id. at 11.)

## B. DISCUSSION

### 1. The Legal Standard for Screening.

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir.

2

2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendant GDOC.

As a governmental entity, Defendant GDOC is not subject to liability based on Plaintiff's claims. "The Eleventh Amendment insulates a state from suit brought by

3

individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Furthermore, the Supreme Court has unambiguously stated that "a suit in which the State or one of its agents or departments is named as the defendant is proscribed by the Eleventh Amendment . . . . This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp., 465 U.S. at 100 (1984) (citations omitted); see Alabama v. Pugh, 438 U.S. 781, 781-82 (1978) (*per curiam*); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) (*per curiam*) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent."). Moreover, § 1983 does not abrogate the sovereign immunity of the states. See Quern v. Jordan, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States.").

In short, the Eleventh Amendment bars the § 1983 claims that Plaintiff is attempting to assert against Defendant GDOC, which is a state-run entity entitled to Eleventh Amendment immunity. See Stevens, 864 F.2d at 115 ("The Eleventh Amendment bars this [§ 1983] action against the Georgia Department of Corrections and Board of Corrections.") (citing Pugh, 438 U.S. at 782). Plaintiff has therefore failed to state a claim upon which relief may be granted against Defendant GDOC, and it should be dismissed from this case.

### 3. Plaintiff Fails to State a Claim Against Defendant Telfair County.

Plaintiff attempts to state a claim against Defendant Telfair County on the grounds that the county failed to act in response to violence, mistreatment, and poor living conditions at

4

TSP.  (See doc. no. 19, p. 9.)  However, Telfair State Prison is operated by the Georgia Department of Corrections, not Telfair County.  *Telfair State Prison*, GEORGIA DEPARTMENT OF CORRECTIONS, http://www.dcor.state.ga.us/GDC/FacilityMap/html/S_50000199.html (last visited June 22, 2017).  Telfair County is not responsible for setting any of the policies or procedures at Telfair State Prison.  The county has no affiliation with Telfair State Prison other than location.  Since Defendant Telfair County has no involvement in any alleged misconduct, Plaintiff fails to state a claim against it.

### 4. Plaintiff Fails to State a Claim Against Warden Hall.

First, to the extent Plaintiff attempts to hold Warden Hall liable merely because he is the Warden of TSP, Warden Hall is not subject to liability in a § 1983 on the basis of supervisory liability.  "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted).  "Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (internal quotations omitted).  Therefore, to hold a supervisor liable, Plaintiff must demonstrate that either (1) he actually participated in the alleged constitutional violation, or (2) there is a causal connection between his actions and the alleged constitutional violation.  See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).  Here, Plaintiff never asserts Warden Hall personally withheld medical treatment or caused the unsanitary conditions of which Plaintiff complains.  (See generally doc. no. 19, pp. 6-9.)

5

However, the "causal connection" can also be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high.  In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences."  Brown, 906 F.2d at 671 (emphasis added).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, Plaintiff has not alleged Warden Hall was aware of a history of widespread abuse that was obvious, flagrant, rampant, and of continued duration regarding his medical treatment. Plaintiff has not demonstrated Warden Hall instituted a custom or policy that resulted in deliberate indifference.  Indeed, a policy of deliberate indifference is especially unlikely as Plaintiff admits he was sent to the hospital to receive medical care for his knife wound and to ASMP to receive treatment for his rash.  (Doc. no. 19, pp. 7-8.)   Plaintiff also does not allege any facts to support an inference that Warden Hall directed any subordinates to act unlawfully or knew that they would act unlawfully and failed to stop them from doing so.  (See id. at 6-9.) Thus, to the extent Plaintiff attempts to hold Warden Hall liable based on his status as Warden, he has failed to state a claim.

Secondly, Plaintiff has failed to state a claim for deliberate indifference against Warden Hall on the basis of a threat uttered by Warden Hall after Plaintiff was stabbed and before he was sent to the hospital by prison personnel. (Doc. no. 19, p. 7.) Even presuming Warden Hall stated "I don't give a shit. Let them die," this statement alone is insufficient to demonstrate an Eighth Amendment violation. The Eleventh Circuit has held alleged verbal abuse and threats by prison staff insufficient to form a constitutional claim where prison officials did not carry out their threats. Hernandez v. Fla. Dep't of Corr., 281 F. App'x. 862, 866 (11th Cir. 2008). Immediately after Plaintiff was stabbed, he was transported to the hospital for treatment. Thus, even if Warden Hall uttered this statement, because Plaintiff was subsequently transported to an area hospital for treatment, he cannot show an Eighth Amendment violation. (Doc. no. 19, p. 7.)

Finally, to the extent Plaintiff argues Warden Hall's denial of his grievance appeals violated his constitutional rights, he fails to state a viable § 1983 claim. Prisoners do not have a constitutionally protected liberty interest in a prison's inmate grievance procedure. See Thomas v. Warner, 237 F. App'x 435, 438 (11th Cir. 2007) ("Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim."). In sum, Plaintiff has failed to state a claim against Warden Hall and he should be dismissed.

### 5. Plaintiff Fails to State a Deliberate Difference Claim Against Any Defendant.

Plaintiff has failed to state a claim for deliberate indifference against any Defendant because he has failed to show his alleged injuries were the result of any Defendant's conduct. See Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007) (requiring a prisoner alleging

7

deliberate indifference claim to show injury was caused by defendant's wrongful conduct). Although Plaintiff's claim that prison officials withheld medications for his pain and rash ordinarily might be sufficient to state a claim for deliberate indifference, Plaintiff fails to connect any named Defendant to the alleged constitutional violation. (See generally doc. no. 1.)  Plaintiff merely alleges unnamed and unspecified prison officials denied him medication for his pain and rash, and does not allege that any Defendant interfered with his treatment. (See doc. no. 19, p. 7.)  In the absence of an allegation of any connection between the actions of any Defendant with an alleged constitutional deprivation, Plaintiff has failed to state a claim.  See LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted) ("Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation."); Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Thus, Plaintiff has failed to state a claim of deliberate indifference against any Defendant.

### 6.   Plaintiff's Motion for a Preliminary Injunction Should be Denied.

In Plaintiff's motion for injunctive relief, he requests transfer to another facility, arguing his continued detention at TSP violates his constitutional rights.  (Doc. no. 20.) First, Plaintiff has no right to be transferred to another facility upon request. Herrera v. Johns, No. CV513-031, 2013 WL 5574455, at *1 (S.D. Ga. Oct. 8, 2013) ("A prisoner has no constitutional right to select a particular correctional facility for his placement or to be

transferred to a different facility upon request.") (citing Olim v. Wakinekona, 461 U.S. 238, 245–47 (1983)).  Secondly, Plaintiff is not entitled to injunctive relief as explained *infra*.

A party moving for injunctive relief must show the following:  "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest."  McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).  A preliminary injunction "is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."  All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief.  As discussed *supra*, Plaintiff has not stated a viable § 1983 claim against any Defendant.  Thus, he has fallen well short of demonstrating a substantial likelihood of success on the merits of such a claim, which is a requisite element for establishing entitlement to preliminary injunctive relief.  See All Care Nursing Serv., Inc., 887 F.2d at 1537.  Because Plaintiff has failed to satisfy this requirement for a preliminary injunction, the Court need not consider the remaining factors.  Preliminary injunctive relief is not warranted and Plaintiff's motion should be denied.  See Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994) ("Because we conclude that the plaintiffs failed to establish a substantial likelihood of success on the merits, we will not address the three other prerequisites of preliminary injunctive relief.").

## II.     CONCLUSION

Plaintiff has failed to state a claim upon which relief may be granted against any Defendant. Accordingly, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for a preliminary injunction be **DENIED** (doc. no. 20), his complaint be **DISMISSED** for failure to state a claim, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of July, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA